**KOCH et al. v. The BONNER B et al.**

**THE BARGE KE-17.**

**No. 776.**

United States District Court
S. D. Texas, Houston Division.

Dec. 7, 1948.

Royston & Rayzor and Robert Eikel, Jr., both of Houston, Tex., for libellants.

Chilton Bryan, of Houston, Tex., for respondents.

KENNERLY, Chief Judge.

This is a suit by H. G. Koch and P. N. Ellis, partners and owners of the Steel Barge KE-17, against the Tug Bonner B, et al., and her owners, Harry V. Baker & Company, a partnership, for damages to the Barge KE-17, alleged to have been sustained in the Intracoastal Canal near the mouth of the Atchafalaya River in the State of Louisiana on or about April 25, 1945, while the Barge KE-17 was being towed by the Tug PAN III, and there was a collision between the Bonner B and her tow and KE-17.

On or about April 25, 1945, the PAN III was proceeding in an easterly direction along the Intracoastal Canal with the Barge KE-17 and another or other Barges in tow. All the barges were loaded. In crossing the Atchafalaya River, which was flooded, the connection between the tug PAN III and one or more of its barges in tow broke, and the PAN III and her tow were forced by the eddy and current to the south side of the Canal along the shore of Bateman Island. While proceeding along said Island, the Barge KE-17 was struck by the Bonner B, and injured.

At the time stated, not only the Atchafalaya River, but other streams or bodies of water into which it flowed or was connected, i.e., the Bayou Shaffer and Bayou Boeuf, were at flood stage, and navigation therein was very difficult and dangerous.

The Bonner B was proceeding in a westerly direction along the north side of said Canal with a tow of one loaded barge, when she discovered the PAN III and her tow about the center of the Atchafalaya River. She also discovered that the PAN III and her tow were in trouble. The Bonner B thereupon stopped or undertook to stop in order to avoid a collision with the PAN III and her tow. Because she undertook to stop, the Bonner B lost control of her tow and was carried by the current and eddy across the Canal and struck the KE-17, injuring her as stated. I have examined the question carefully and find that neither the Bonner B nor those in control of her were negligent as alleged by Libellants, nor were they in any other way negligent.

1: From the foregoing, I conclude that respondents are in no way liable to Libellants for damages.

Judgment for respondents.